IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:09-CV-45-BO

| | |
|---|---|
| WALTER W. KEARNEY,          )<br>                             )<br>             Plaintiff,       )<br>                             )<br>       v.                    )<br>                             )<br> MICHAEL J. ASTRUE, Commissioner of )<br> Social Security,            )<br>                             )<br>             Defendant.      )<br>_____) | O R D E R |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and the decision of the Commissioner is VACATED and REMANDED for further proceedings consistent with this Order.

## INTRODUCTION

Plaintiff Walter W. Kearney applied for Disability Insurance Benefits on June 29, 2004, alleging an onset date of March 27, 2001. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Judge Richard E. Perlowski issued an unfavorable decision on December 8, 2006. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 17, 2008.

Plaintiff brought this action on April 22, 2009. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Raleigh, North Carolina,

on June 22, 2010. The cross-motions are now ripe for ruling.

## DISCUSSION

The ALJ's decision is REVERSED and REMANDED for further proceedings because further development of the record would prove extremely valuable in assessing Plaintiff's alleged mental impairments. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

Plaintiff was assisted by a non-attorney representative during his application, hearing before the ALJ, and petition to the appeals counsel. "Claimants in disability cases are entitled to a full and fair hearing of their claims, 20 C.F.R. 404.927 and 416.1441, and the failure to have

such a hearing may constitute good cause sufficient to remand to the Secretary under 42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980). A remand is appropriate where a claimant's representative was inadequate and the representative's failings prejudiced the claimant. *Arms v. Gardner*, 353 F.2d 197 (6th Cir. 1965) ("his attorney failed and was admittedly unable to give him the legal assistance he should have had to present his evidence and to cross-examine the witnesses produced at the hearing to contradict his claims. Under these circumstances claimant cannot be held to have had the full hearing that he was entitled to."). Additionally, "[w]here the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296 (4th Cir. 1980). The ALJ may not neglect this duty where the claimant is represented. *Fleming v. Barnhart*, 284 F.Supp.2d 256, 272 (D.Md. 2003). Rather, "the ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). In either event, a remand is proper where the Commissioner's decision "might reasonably have been different had that evidence been before (her) when (her) decision was rendered.'" *Sims*, 613 F.2d at 28 (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979).

Listing 12.05B requires deficits in adaptive behavior initially manifested before the age of 22 and a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Appendix 1 to 20 C.F.R. Part 404, Subpart P 12.00. On the Wechsler Adult Intelligence Scale III

(WAIS-III), Plaintiff scored a verbal I.Q. of 65, a performance I.Q. of 63, and a full scale I.Q. of 61. The ALJ offers no reason to doubt the validity of these scores. Rather, the ALJ found that Plaintiff does not meet Listing 12.05C because deficits in adaptive functioning did not manifest before the age of 22.

Plaintiff's representative submitted no evidence concerning Plaintiff's adaptive functioning prior to age 22 other than eliciting the testimony that Plaintiff attended special classes in the sixth, seventh, and eighth grade. And the ALJ made no inquiry into Plaintiff's adaptive functioning during the developmental period. Such evidence may not exist. But Plaintiff was prejudiced by either his representative's failure to introduce such evidence or the ALJ's failure to adequately develop the record by attempting to ascertain whether such evidence existed or not. School records, I.Q. testing, psychological examinations, other medical evidence from the developmental period, or the absence thereof may prove highly probative on remand. *See Sims*, 613 F.2d at 28.

The Commissioner argues that this error is harmless because Plaintiff's history of work and caring for himself amount to substantial evidence support of the ALJ's decision. But even when the record contains substantial evidence to support the ALJ's decision, a case may be remanded where the ALJ failed to adequately develop the record. *Walker v. Harris*, 642 F.2d 712 (4th Cir. 1981). Because substantial evidence is less than a preponderance of the evidence, further development of the record may convince the Commissioner to award benefits.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings is GRANTED; Defendant's Motion for Judgment on the Pleadings is DENIED; and the decision of

-4-

Case 5:09-cv-00178-BO   Document 28   Filed 08/03/10   Page 4 of 5

the Commissioner is VACATED. The decision of whether to reverse and remand for benefits or remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987). This Court is aware of the delay and expense inherent in a remand for further proceedings. *See Kendrick v. Shalala*, 998 F.2d 455, 458 (7th Cir. 1993). But further development of the record is necessary. Accordingly, this case is REMANDED for further proceedings consistent with this Order.

SO ORDERED, this __1__ day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-5-

Case 5:09-cv-00178-BO    Document 28    Filed 08/03/10    Page 5 of 5